Kendall C. Swanson, Bar No. 251456
kendall@currierhudson.com
**CURRIER & HUDSON**
A Professional Corporation
Post Office Box 910329
San Diego, California 92191
Telephone: (619) 866-6021
Fax: (619) 793-4731

Attorneys For Defendant
**IMPERIAL IRRIGATION DISTRICT**

FILED

2013 NOV 21  PM 3: 40

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

ED CV 13 - 02148

| | |
|---|---|
| GILBERT SALINAS, FRANK SILVA, PERRY WALKER, TODD MARZOLF, LEE FARNUM, LANE BROWN, MATT MACDONALD, JOSE ESTRADA, ARMANDO CRUZ, CHARLES HEAD, DANNY WALKER, EMIR ALVARADO, ERIC GRUBAUGH, LUIS CRUZ, RORY MCDADE, PAUL DOEBEREINER, ROBERTO CERVANTES, ANDREW VASQUEZ, ROBERT PALMER, JAVIER PARADES, BILLY REID, JON SINGH, CEAZER MOORE JR., ANITA PERRY, in her capacity of surviving heir of JOHN THOMAS JOHNSON, DAVID GUERRERO, MARIO PIMENTEL, and ROBIN CRUZ, each individually. | CASE NO. _____<br><br>[Riverside County Case No. PSC1301604]<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(a) (FEDERAL QUESTION)** |
| Plaintiffs,<br><br>VS. | |

---

Notice of Removal                                                    1

IMPERIAL IRRIGATION DISTRICT, )
and DOES 1-20, inclusive )
)
)
Defendants, )
)

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

 **PLEASE TAKE NOTICE** that Defendant, **IMPERIAL IRRIGATION DISTRICT**, hereby removes this action from the Superior Court of the State of California for the County of Riverside, Case No. PSC1301604.

## PLEADINGS

 1. On October 4, 2013, an action was commenced in the Superior Court of the State of California in the County of Riverside, entitled *Gilbert Salinas et al. v. Imperial Irrigation District*, Case No. PSC1301604. A true and correct copy of the *Complaint for Unpaid Overtime Wages* (the "Complaint"), along with the summons, civil case cover sheet, certificate of counsel, and notice of assignment, is attached to this Notice as **Exhibit A**.

## TIMELINESS OF REMOVAL

 2. Defendant's Notice of Removal is timely under 28 U.S.C. § 1446(b) as it is being filed within 30 days of receipt by Defendant of a copy of the Complaint. The first date upon which Defendant received a copy of said complaint was October 22, 2013, when Defendant was served with copy of the complaint and summons. A copy of the proof of service is attached hereto as **Exhibit B**.

## JURISDICTION

 3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 207, 216(b). The complaint states a single claim for overtime pursuant to the FLSA.

4.    The United States District Court for the Central District of California, Eastern Division, embraces the district and division in which the state court action is now pending, and thus this Court is a proper venue for the action pursuant to 28 U.S.C. § 84(c)(1).

### JOINDER OF DEFENDANTS

5.    The removing Defendant is the only named Defendant in this action.

### NOTICE TO STATE COURT AND ADVERSE PARTY

6.    A Notice to Adverse Party, including a copy of this Notice of Removal, is being filed with the Clerk of the Superior Court of California, County of Riverside, and is being served on counsel for Plaintiffs pursuant to 28 U.S.C. § 1446(a) and (d).

**WHEREFORE**, Defendant hereby removes to this Court from the Superior Court for the State of California in the County of Riverside. Defendant prays for such other and further relief to which it may be entitled, both at law and in equity, both general and special.

DATED: <u>November 21, 2013</u>                    **CURRIER & HUDSON**

By: _____
Kendall C. Swanson
Attorneys for Defendant,
**IMPERIAL IRRIGATION DISTRICT**

RECEIVED
OCT 22 2013

SCI

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

IMPERIAL IRRIGATION DISTRICT,
and DOES 1 - 20 inclusive, Defendants.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

GILBERT SALINAS, FRANK SILVA, PERRY WALKER, TODD
MARZOLF, LEE FARNUM, (see ADDENDUM) Plaintiffs,

| FOR COURT USE ONLY |
| --- |
| (SOLO PARA USO DE LA CORTE) |

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 07 2013

B. Shelton

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): Superior Court of CA Riverside County 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 | CASE NUMBER: (Número del Caso): PSC 1301604 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
John Glugoski, Righetti Glugoski, P.C., 456 Montgomery St. #1400, San Francisco, CA 94104

| DATE: OCT 07 2013 (Fecha) | Clerk, by (Secretario) B. Shelton | , Deputy (Adjunto) |
| --- | --- | --- |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citalión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): IMPERIAL IRRIGATION DISTRICT

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other (specify): Business Organization Form Unknown
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov www.accesslaw.com |
| --- | --- | --- |

MATTHEW RIGHETTI   (SBN #121012)
matt@righettilaw.com
JOHN GLUGOSKI   (SBN #191551)
jglugoski@righettilaw.com
MICHAEL RIGHETTI   (SBN #258541)
mike@righettilaw.com
RIGHETTI • GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA  94104
Telephone:   (415) 983-0900
Facsimile:   (415) 397-9005

MILES E. LOCKER   (SBN #103510)
mlocker@lockerfolberg.com
RACHEL FOLBERG   (SBN #209143)
rfolberg@lockerfolberg.com
GEORGE R. NEMIROFF   (SBN #262058)
gnemiroff@lockerfolberg.com
LOCKER FOLBERG, LLP
71 Stevenson Street, Suite 422
San Francisco, California 94105
Telephone: (415) 962-1626
Facsimile: (415) 962-1628

Attorneys for Plaintiffs

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 04 2013

B. Shelton

## SUPERIOR COURT OF CALIFORNIA

## CITY AND COUNTY OF RIVERSIDE

GILBERT SALINAS, FRANK SILVA, PERRY WALKER, TODD MARZOLF, LEE FARNUM, LANE BROWN, MATT MACDONALD, JOSE ESTRADA, ARMANDO CRUZ, CHARLES HEAD, DANNY WALKER, EMIR ALVARADO, ERIC GRUBAUGH, LUIS CRUZ, RORY MCDADE, PAUL DOEBEREINER, ROBERTO CERVANTES, ANDREW VASQUEZ, ROBERT PALMER, JAVIER PAREDES, BILLY REID, JON SINGH, CEAZER MOORE JR.,  ANITA PERRY, in her capacity as the surviving heir of JOHN THOMAS JOHNSON, DAVID GUERRERO, MARIO PIMENTEL, and ROBIN CRUZ,

Case No. PSC 1301604

COMPLAINT FOR UNPAID OVERTIME WAGES

(29 U.S.C. Sections 207, 216(b))

DEMAND FOR JURY TRIAL

COMPLAINT - 1

each individually,

        Plaintiffs,

vs.

IMPERIAL IRRIGATION DISTRICT, and
DOES 1-20, inclusive,

        Defendants.

Plaintiffs Gilbert Salinas, Frank Silva, Perry Walker, Todd Marzolf, Lee Farnum, Lane Brown, Matt MacDonald, Jose Estrada, Armando Cruz, Charles Head, Danny Walker, Emir Alvarado, Eric Grubaugh, Luis Cruz, Rory McDade, Paul Doebereiner, Roberto Cervantes, Andrew Vasquez, Robert Palmer, Javier Paredes, Billy Reid, Jon Singh, Ceazer Moore Jr., Anita Perry (in her capacity as the surviving heir of John Thomas Johnson), David Guerrero, Mario Pimentel, and Robin Cruz, by their attorneys, bring this action and hereby allege as follows:

## PARTIES, JURISDICTION AND VENUE

1.    The monetary damages and liquidated damages sought by Plaintiffs will be established according to proof at trial. The Court has jurisdiction over this action pursuant to Section 410.10 of the California Code of Civil Procedure. Venue is proper in this Court pursuant to Section 394 of the California Code of Civil Procedure.

2.    Plaintiff, Gilbert Salinas, is a California resident and natural person, and is or has been employed at relevant times herein by the IMPERIAL IRRIGATION DISTRICT ("IID") as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

3.    Plaintiff, Frank Silva, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power

COMPLAINT - 2

PAGE 6, EXHIBIT A

Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

4. Plaintiff, Perry Walker, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

5. Plaintiff, Todd Marzolf, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

6. Plaintiff, Lee Farnum, is a natural person, and is or has been employed at relevant times herein by the IID to work in California as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

7. Plaintiff, Lane Brown, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

8. Plaintiff, Matt MacDonald, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so

COMPLAINT - 3

employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

9.    Plaintiff, Jose Estrada, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman.  At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

10.    Plaintiff, Armando Cruz, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman.  At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

11.    Plaintiff, Charles Head, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman.  At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

12.    Plaintiff, Danny Walker, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman.  At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

13.    Plaintiff, Emir Alvarado, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman.  At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

COMPLAINT - 4

14.    Plaintiff, Eric Grubaugh, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

15.    Plaintiff, Luis Cruz, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

16.    Plaintiff, Rory McDade, is a natural person, and is or has been employed at relevant times herein by the IID to work in California as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

17.    Plaintiff, Paul Doebereiner, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

18.    Plaintiff, Roberto Cervantes, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

19.    Plaintiff, Andrew Vasquez, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or

COMPLAINT - 5

Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

20.     Plaintiff, Robert Palmer, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

21.     Plaintiff, Javier Paredes, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

22.     Plaintiff, Billy Reid, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

23.     Plaintiff, Jon Singh, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

24.     Plaintiff, Ceazer Moore Jr., is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so

COMPLAINT - 6

employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

25.    Plaintiff, Anita Perry is a California resident and natural person, and is the surviving heir of John Thomas Johnson, now deceased, who was employed at relevant times herein by the IID to work in California as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, John Thomas Johnson was classified by IID as a non-exempt, hourly paid employee, and was paid on an hourly basis.

26.    Plaintiff, David Guerrero, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

27.    Plaintiff, Mario Pimentel, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

28.    Plaintiff, Robin Cruz, is a California resident and natural person, and is or has been employed at relevant times herein by the IID as a Power Troubleshooter, and/or Power Troubleshooter Leader, and/or Power Troubleshooter Foreman. At all times so employed, Plaintiff has been classified by IID as a non-exempt, hourly paid employee, and has been paid on an hourly basis.

29.    Defendant IID is and at all times material herein mentioned was a special district operating as a public utility, doing business in the State of California and within the County of Riverside. IID employs persons in the State of California like Plaintiffs, whose responsibility it is to operate IID's business, including within Riverside County. Accordingly, at least some of

COMPLAINT - 7

the acts complained of herein occurred in Riverside County. IID'S business consists of providing its customers with water and electrical power. IID's web page reports its water delivery business as follows: "With more than 3,000 miles of canals and drains, the Imperial Irrigation District (IID) is the largest irrigation district in the nation." IID's web page reports its electrical power generation, distribution, and transmission business as follows: "IID Energy provides electrical power to more than 145,000 customers in the Imperial Valley, and parts of Riverside and San Diego counties. As the sixth largest utility in California, IID Energy controls more than 1,100 megawatts of energy derived from a diverse resource portfolio that includes its own generation, and long and short-term power purchases."

30.     The names and capacities of defendants sued herein under California Code of Civil Procedure Section 474 as Does 1 through 20, inclusive, are presently not known to Plaintiffs, who therefore sues these Defendants by such fictitious names. Plaintiffs will seek to amend this Complaint and include these Doe Defendants' names and capacities when they are ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiffs.

31.     At all times herein mentioned each of the Defendants sued as DOE was the agent and the employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment.

32.     At all times mentioned in the causes of action alleged herein, each and every Defendant was an agent and/or employee of each and every other Defendant. In doing the things alleged in the causes of action stated herein, each and every Defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission and authorization of each of the remaining Defendants. All actions of Defendants as alleged in the causes of action stated herein were ratified and approved by every other Defendant or their officers or managing agents.

//

COMPLAINT - 8

## FIRST CAUSE OF ACTION
### Failure to Pay Overtime Compensation
(FLSA, 29 U.S.C. sections 207 and 216)

33.     Plaintiffs, including each and every plaintiff named in the caption of this lawsuit, bring this cause of action on behalf of themselves as individuals, under the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq. ("FLSA"), seeking recovery of unpaid overtime compensation and other relief for the period commencing three years prior to the filing of this Complaint, for work performed in excess of forty (40) hours in one workweek.

34.     Plaintiffs, including each and every plaintiff named in the caption of this lawsuit, are or have been "employees" of IID within the meaning of the FLSA (29 U.S.C. section 203(e).

35.     Defendant IID is a "public agency" and a "political subdivision of a State" within the meaning of the FLSA (29 U.S.C., section 203 (d) and (e) and (x)), and as such, it is subject to the requirements of the FLSA, and its non-exempt employees, including each and every Plaintiff named herein, are covered by the FLSA's overtime requirements.

36.     This Court has jurisdiction over claims arising under the Fair Labor Standards Act pursuant to 29 U.S.C., Section 216(b).

37.     Plaintiffs, while employed as Power Troubleshooters, Power Troubleshooter Leaders, or Power Troubleshooter Foremen, performed work troubleshooting and, if possible, fixing problems with IID's electrical power lines, responding to power outages, downed or damaged power lines or poles, etc.  Many of these problems posed or could pose immediate and substantial threats to life and property, and as such, IID adopted procedures for ensuring an immediate response to such problems, 24 hours a day, 7 days a week.  Among the procedures adopted by IID to ensure around-the-clock immediate responses to such problems was a requirement that all of its Power Troubleshooters, Power Troubleshooter Leaders, and Power Troubleshooter Foremen serve in an on-call basis, outside of their regularly scheduled and regularly compensated work hours, so that when on-call, each of these employees would be available to, and required to, immediately respond to any IID call-out.

COMPLAINT - 9

38.     Section 207(a) of the FLSA prohibits the employment of any employee for a workweek of longer than 40 hours unless such employee receives overtime compensation for all hours worked in excess of 40 hours in a workweek at a rate of not less than one and one-half times the regular rate at which such employee is employed.

39.     At all times relevant herein, Plaintiffs were full-time employees of IID, scheduled to work shifts of not less than 40 hours each workweek, for which Plaintiffs were compensated at their regular, non-overtime rates of pay.

40.     At all times relevant herein, Defendants maintained a standby schedule whereby each workweek various Plaintiffs were assigned to standby duty for the entire workweek. On such standby shifts, Plaintiffs, in addition to working their regularly scheduled 40 hours during the workweek, were required to remain on-call for all of the 128 hours falling outside their regularly scheduled hours. During these standby hours, Plaintiffs were required to respond immediately to any call outs, and were subject to restrictions on their activities, including geographic restrictions, in order to ensure an immediate response. Call-outs were frequent, and upon receiving a call-out, there was no time to trade-off the obligation to respond with any other employee. Every year, each Plaintiff was assigned to several weeks of such workweek-long standby shifts.

41.     Under IID's compensation policy, Plaintiffs assigned to week-long standby shifts were not paid for all hours during which they were assigned to such shifts. Rather, IID only paid Plaintiffs for their 40 regularly scheduled hours, in addition to paying Plaintiffs for hours worked on any call-outs, plus an extra hour or two for each day of standby duty. Except for this extra hour or two for which Plaintiffs were paid for each day of standby duty, Plaintiffs were paid nothing for all of their hours of standby shift time while they were waiting for call-outs, during which time they were subject to substantial restrictions on their personal activities and subject to the requirement to respond immediately to any call-outs.

42.     At all times relevant herein, IID regularly scheduled Plaintiffs, and each of them, to take an unpaid meal period at or around the middle of each regularly scheduled

COMPLAINT - 10

workday of each workweek. Plaintiffs were required to keep their cell phones on during these meal periods so that IID could contact them and inform them of any call-outs, and Plaintiffs were required to immediately respond to any such call-outs during their meal periods. Although IID compensated Plaintiffs for time spent responding to any such call-outs, it failed to provide any compensation to Plaintiffs for time during meal periods during which Plaintiffs were waiting for call-outs while subject to the requirement to immediately respond to such call-outs.

43.     All of Plaintiffs' standby shift hours and all of Plaintiff's meal period hours constitute time worked under the Fair Labor Standards Act, for which Plaintiffs were and are entitled to compensation in accordance with the requirements of the FLSA, including the requirement to pay overtime compensation for all hours worked in excess of 40 hours in any workweek. Defendants' failure to pay overtime compensation for such overtime hours worked thereby violated Section 207 of the FLSA.

44.     29 U.S.C. Section 255 provides that a three year statute of limitations applies to willful violations of the FLSA. Defendants' policy and practice of failing to pay required overtime compensation to Plaintiffs was willful within the meaning of the FLSA, and consequently, this claim is governed by a three year limitations period.

45.     Pursuant to Section 216(b) of the FLSA, any employer that violates the overtime requirements of the FLSA shall be liable to the affected employees in the amount of their unpaid overtime compensation, and in an additional amount as liquidated damages equal to the unpaid overtime compensation, plus attorney's fees and costs.

46.     As a result of Defendants' failure to pay overtime compensation required under the FLSA, Plaintiffs have been unlawfully deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus liquidated damages pursuant to 29 U.S.C. Section 216(b), plus attorneys' fees, costs, and any other damages as set forth under the FLSA.

COMPLAINT - 11

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs and the Class pray for judgment and relief as follows:

1. A declaratory judgment that Defendants have violated the provisions of the Fair Labor Standards Act as alleged;

2. An award to Plaintiffs of damages for overtime wages earned, unpaid, and owed, and liquidated damages, subject to proof; and

3. An award to Plaintiffs of reasonable attorneys' fees and costs pursuant to 29 U.S.C. Section 216(b).

4. Such other and further relief as the Court deems just and proper.

Dated: September 26, 2013                    RIGHETTI • GLUGOSKI, P.C.


By: _____
John Glugoski
Attorneys for Plaintiffs

COMPLAINT - 12

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Matthew Righetti {121012} John Glugoski {191551} Michael Righetti {258541} RIGHETTI GLUGOSKI P.C. 456 Montgomery Street, Suite 1400, San Francisco, CA 94104 | |

TELEPHONE NO.: 415.983.0900 FAX NO.: 415.397.9005
ATTORNEY FOR (Name): Plaintiffs, Gilbert Salinas, Frank Silva, et. al. (see addendum)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 3255 E. Tahquitz Canyon Way
MAILING ADDRESS:
CITY AND ZIP CODE: Palm Springs, CA 92262
BRANCH NAME:

CASE NAME: GILBERT SALINAS, FRANK SILVA, et. al. v. IMPERIAL IRRIGATION DISTRICT

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 1 3 0 1 6 0 4 |
|---|---|---|
| ☑ Unlimited ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | PSC JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 3, 2013

John Glugoski
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov www.accesslaw.com |
|---|---|---|

PAGE 17 EXHIBIT A

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ HEMET 880 N. State St., Hemet, CA 92543
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☒ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ RIVERSIDE 4050 Main St., Riverside, CA 92501
☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address)
Matthew Righetti {121012} John Glugoski {191551} Michael Righetti {258541}
Righetti Glugoski, P.C.
456 Montgomery St., Suite 1400
San Francisco, CA 94104
TELEPHONE NO: 415-983-0900    FAX NO. (Optional): 415-397-9005
E-MAIL ADDRESS (Optional): jglugoski@righettilaw.com
ATTORNEY FOR (Name): Plaintiffs, Gilbert Salinas, Frank Silva, et al

PLAINTIFF/PETITIONER: Gilbert Salinas, Frank Silva, et al.

DEFENDANT/RESPONDENT: Imperial Irrigation District

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 04 2013

B. Shelton

CASE NUMBER:
PSC 1301604

**CERTIFICATE OF COUNSEL**

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92234

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date 10/03/13 _____

John Glugoski _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _____ (SIGNATURE)

Page 1 of 1

Approved for Optional Use
Riverside Superior Court
RI-030 [Rev. 08/15/13]

**CERTIFICATE OF COUNSEL**

Local Rule 1.0015
riverside.courts.ca.gov/localforms/localforms.shtml

PAGE 18, EXHIBIT A

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
3255 E. Tahquitz Cyn Way
Palm Springs, CA  92262
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR ALL PURPOSES

GILBER SALINAS;ET AL VS IMPERIAL IRRIGATION

CASE NO. PSC 1301604

This case is assigned to Judge David M. Chapman in Department PS2
for all purposes.

The Case Management Conference is scheduled for 04/07/14
at  8:30 a.m. in Department PS2.

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(a)(2) shall be
filed in accordance with that section.


Effective July 29, 2013, this case will be transferred to the
Palm Springs Court located at 3255 E. Tahquitz Canyon Way, Palm
Springs, CA 92262, as follows:

Judge John G. Evans will be assigned to Department PS1.
udge David M. Chapman will be assigned to Department PS2..
Commissioner David E. Gregory will be assigned to Department PS3.

All documents filed in this case on or after July 29, 2013, must be
filed in the Clerk's Office at the Palm Springs Superior Court.

Requests for accommodations can be made by submitting Judicial Council
form MC-410 no fewer than five court days before the hearing. See
CA Rules of Court, rule 1.100.
CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing Notice on
this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date:   10/07/13                    By:
                                         BRAULIA Y SHELTON, Deputy Clerk


ac: cmc,nict,cmccc

PAGE 19, EXHIBIT A

POS-010



| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>John Glugoski, 191551<br>RIGHETTI LAW FIRM<br>456 Montgomery St. Suite 1400<br>San Francisco, CA  94104<br>TELEPHONE NO.: (415) 983-0900<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br>**NOV 1 2 2013**<br>**A. GARCIA** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Riverside County<br>3255 E. Tahquitz Canyon Way<br>Palm Springs, CA  92262-6996 | |
| PLAINTIFF/PETITIONER: Gilbert Salinas; et al.<br><br>DEFENDANT/RESPONDENT: Imperial Irrigation District | CASE NUMBER:<br>PSC1301604 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Salinas et al. v. IID |

**MEY**

**NOV 18 2013**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:  Summons, Complaint, Civil Case Cover Sheet, Certificate of Counsel, Notice of Assignment to Department for all Purposes

3.  a. Party served:  Imperial Irrigation District

**BY FAX**

    b. Person Served: Kerry Van Bebber - Person authorized to accept service of process
4.  Address where the party was served:  321 S. Waterman Ave.
    El Centro, Ca  92243
5.  I served the party
    a.  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 10/22/2013     (2) at (time): 10:30 AM
6.  The "Notice to the Person Served" (on the summons) was completed as follows:

    c. on behalf of:

    Imperial Irrigation District

    under:      Other: Business Organization Form Unknown
7.  Person who served papers
    a.  Name:      Lizette Hendry
    b.  Address:    One Legal - 194-Marin
              504 Redwood Blvd #223
              Novato, CA  94947

    c.  Telephone number: 415-491-0606
    d.  The fee for service was:  $ 163.85
    e  I am:
        (3)  registered California process server.
           (i)  Employee or independent contractor.
           (ii)  Registration No.: 201360000002
           (iii)  County: IMPERIAL
8.  I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date:  11/6/2013

Lizette Hendry                                   
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007]           **PROOF OF SERVICE OF SUMMONS**          Code of Civil Procedure, § 417.10

OL# 7327366

# PROOF OF SERVICE

STATE OF CALIFORNIA

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the action. My business address is Righetti Glugoski, P.C., 456 Montgomery Street, Suite 1400, San Francisco, California, 94104.

On Thursday, November 07, 2013 I served the foregoing document described as:

**- PROOF OF SERVICE OF SUMMONS**

on the interested parties by administering a true copy either by facsimile or in sealed envelopes addressed as follows:

**Imperial Irrigation District**
**c/o Agent for Service of Process:**
**Kerry Van Bebber**
321 S. Waterman Ave.
El Centro, CA 92243

(X)   **VIA U.S. MAIL:**
I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such envelopes would be deposited with the U.S. postal service on Thursday, November 07, 2013 with postage thereon fully prepaid, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on Thursday, November 07, 2013, at San Francisco, California.

_____
Joan Abrigo

PROOF OF SERVICE

Kendall C. Swanson, Bar No. 251456
kendall@currierhudson.com
**CURRIER & HUDSON**
A Professional Corporation
Post Office Box 910329
San Diego, California 92191
Telephone: (619) 866-6021
Fax: (619) 793-4731

Attorneys For Defendant
**IMPERIAL IRRIGATION DISTRICT**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

|  |  |
|---|---|
| GILBERT SALINAS, et al., | CASE NO. _____ |
| Plaintiffs, | [Riverside County Case No. PSC1301604] |
| vs. | |
| IMPERIAL IRRIGATION DISTRICT, and DOES 1-20, inclusive | **PROOF OF SERVICE** |
| Defendants, | |

I, **KENDALL C. SWANSON**, declare as follows:

1. I am over the age of eighteen and have personal knowledge of the facts set forth below. If called as a witness I could and would competently testify thereto.

2. On November 21, 2013 I served the following documents described as follows:

- **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**

(X)    **VIA U.S. MAIL**:

Service was accomplished by placing a true copy of the above-identified documents into a sealed envelope, with all fees full prepaid, and deposited for collection and delivery by the United States Postal Service at San Diego, California, addressed to:

> John Glugoski
> Righetti Glugoski, P.C.
> 456 Montgomery Street, Suite 1400
> San Francisco, CA 94104
> (415) 983-0900
>
> Miles Locker
> Locker Folberg, LLP
> 71 Stevenson Street, Suite 422
> San Francisco, CA 94105
> (415) 962-1626

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: <u>November 21, 2013</u>

_____
**KENDALL C. SWANSON**

Proof of Service                                                                    2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Virginia A. Phillips_____ and the assigned Magistrate Judge is _____Patrick J. Walsh_____ .

The case number on all documents filed with the Court should read as follows:

## EDCV13-02148 VAP (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

November 21, 2013
_____
Date

By L. Murray_____
Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☐ Southern Division | ☒ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Gilbert Salinas, et al.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Imperial Irrigation District

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Matthew Righetti and John Glugoski, Righetti Glugoski (415) 983-0900
456 Montgomery Street, Suite 1400, San Francisco, CA 94104
Miles Locker and Rachel Folberg Locker Folberg, (415) 962-1626
71 Stevenson Street, Suite 422, San Francisco, CA 94105

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Kendall Swanson, Currier Hudson, (619) 866-6021
PO Box 910329
San Diego, CA 92191

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Failure to Pay Overtime Pursuant to 29 U.S.C. sections 207 and 216

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☒ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: ED CV 13 - 02148

VAP PJW

NOV 2 1 2013

CV-71 (09/13)    CIVIL COVER SHEET    Page 1 of 3

COPY

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes   ☐ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☒ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?**<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?**<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes   ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right.  ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☒ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below.  ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above:  ➡ | EASTERN DIVISION |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐  A. Arise from the same or closely related transactions, happenings, or events; or

☐  B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐  D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

---

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _Swanson_    DATE: November 21, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |